

## WINTHROP WEINSTINE

ATTORNEYS AND COUNSELORS AT LAW

January 21, 2015

Craig S. Krummen
Direct Dial: (612) 604-6717
Direct Fax: (612) 604-6917
ckrummen@winthrop.com

**VIA E-MAIL**

Marshall Tanick
Hellmuth & Johnson PLLC
8050 W 78th Street
Edina, MN 55439

Re:   *Laser Aiming Sytems Corporation, Inc. vs. Eric Bondhus, Carl Bondhus, and Bondhus Arms, Inc.*; Court File No. 27-CV-15-1023

Dear Mr. Tanick:

Enclosed herewith and served upon you in connection with the above-referenced matter, please find copies of the following materials filed earlier today:

1. Summons;

2. Complaint;

3. Civil Cover Sheet; and

4. Affidavit of Service.

In addition, this correspondence will confirm our agreement that your clients shall have 40 days to serve their responsive pleading rather than 20 days.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

Craig S. Krummen

Attachments

9935988v1

## EXHIBIT A

CASE TYPE: _____

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                           FOURTH JUDICIAL DISTRICT

_____

Laser Aiming Systems Corporation, Inc.,        File No.:

                     Plaintiff,

vs.                                                      **SUMMONS**

Eric Bondhus, Carl Bondhus, and Bondhus
Arms, Inc.,

                     Defendants.

_____

THIS SUMMONS IS DIRECTED TO: Eric Bondhus, 17081 River View Lane SE, Big Lake, Minnesota 55309; Carl Bondhus, 9866 Gillard Avenue Northeast, Monticello, Minnesota 55362; and Bondhus Arms, Inc., Attn: Eric Bondhus and Carl Bondhus, 19930 Industrial Drive NW, Big Lake, Minnesota 55309.

     1.    **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons  Do not throw these papers away. They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

     2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this summons located at:

          Winthrop & Weinstine, P.A.
          225 South Sixth Street, Suite 3500
          Minneapolis, MN 55402

     3.    **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

     4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.  If you do not want to contest the claims stated in the

complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the complaint.

5.     **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.     **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 7, 2015                    WINTHROP & WEINSTINE, P.A.


                                          By: *Craig S. Krummen*
                                          Craig S. Krummen, #0259081

                                          225 South Sixth Street
                                          Suite 3500
                                          Minneapolis, Minnesota 55402
                                          (612) 604-6400
                                          ckrummen@winthrop.com

                                          Attorneys for Plaintiff Laser Aiming
                                          Systems Corporation, Inc.

9869296v1

- 2 -

CASE TYPE: _____

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT

---

Laser Aiming Systems Corporation, Inc.,

File No.:

Plaintiff,

**COMPLAINT**

vs.

Eric Bondhus, Carl Bondhus, and Bondhus Arms, Inc.,

Defendants.

---

Plaintiff Laser Aiming Systems Corporation, Inc. ("Laser Aiming"), for its Complaint against Defendant Eric Bondhus, Defendant Carl Bondhus, (collectively "Defendants"), and Defendant Bondhus Arms, Inc., states and alleges as follows:

## PARTIES

1.     Plaintiff Laser Aiming is a Minnesota corporation with a principal place of business at 5475 Pioneer Creek Drive, Maple Plain, Minnesota. Laser Aiming's principal place of business is located within Hennepin County, Minnesota.

2.     Defendant Eric Bondhus is an individual residing at 17081 River View Lane Southeast, Big Lake, Minnesota.

3.     Defendant Carl Bondhus is an individual at 9866 Gillard Avenue Northeast, Monticello, Minnesota.

4.     Defendant Bondhus Arms, Inc. ("Bondhus Arms") is, upon information and belief, a company organized under the laws of Minnesota. Upon information and belief, Bondhus Arms' principal place of business is located at 19930 Industrial Drive Northwest, Big Lake, Minnesota.

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over each Defendant pursuant to Minn. Stat. § 543.19, because each Defendant committed acts in Minnesota causing injury in Minnesota and had minimum contacts with Hennepin County, Minnesota.

6.     This Court has jurisdiction over the subject matter pursuant to, but without limitation, Minn. Stat. § 484.01.

7.     Venue is proper in this Court under Minn. Stat. § 542.09, because the cause of action or some part thereof arose in Hennepin County.

## DEMAND FOR JURY TRIAL

8.     Plaintiff demands a jury trial for all claims entitled to a jury trial.

## ALLEGATIONS

9.     Laser Aiming was founded in 2006.  Laser Aiming manufactures and sells green laser products, red laser products, tactical lights, holsters, and related accessories to assist in recreational firearm use and professional firearm training.  Laser Aiming's products are available to military, law enforcement, and civilian users and they are compatible with a wide range of firearms.

10.     In March 2009, Laser Aiming hired Defendant Carl Bondhus.  He was hired for the purpose of designing lasers, lights, holsters, and other products.

11.     In March 2009, Laser Aiming also hired Defendant Eric Bondhus.  He was initially hired to help manage production.

12.     Before Laser Aiming hired Defendants, the parties negotiated and entered into identical employment agreements for Defendant Eric Bondhus and Defendant Carl Bondhus (the "Employment Agreement").

**The Bondhus Arms CL380**

13.     Pursuant to § 6(a) of the Employment Agreement, the Defendants transferred and assigned to Laser Aiming "all right, title and interest of Employee in and to every idea, concept, invention and improvement (whether patented or not) conceived or developed by Employee during the term of employment. . . ."

14.     One of the concepts Laser Aiming asked the Defendants to develop was a concept involving a compact firearm with a fully integrated laser.

15.     On February 2, 2011, Laser Aiming discovered that Defendant Eric Bondhus was using company resources and spending a significant amount of time working for a company Eric Bondhus owned rather than working for Laser Aiming.

16.     On February 3, 2011, Laser Aiming terminated Defendant Eric Bondhus' employment for cause.

17.     Later on February 3, 2011, Defendant Carl Bondhus, whose employment had not been terminated, used his key to Laser Aiming's facility and allowed his brother Eric Bondhus to enter the facility at night and well after normal business hours.

18.     The next morning, on February 4, 2011, several Laser Aiming employees discovered that approximately $65,000 of materials, components, and finished goods were missing. Many of these missing components and materials were necessary for Laser Aiming's production runs. Accordingly, Laser Aiming was forced to significantly scale back its production runs for several weeks and sustained lost sales.

19.     On February 5, 2011, Defendant Eric Bondhus had a phone conversation with Laser Aiming representatives. During the conversation, Eric Bondhus stated that if he was paid the amount of money he believed he was owed as a result of his employment termination, he would return the missing Laser Aiming property.

3

20.     Meanwhile, immediately following Defendant Eric Bondhus' employment termination, Defendant Carl Bondhus began deleting electronic files on his company issued computer, including valuable Laser Aiming engineering and design files and emails.

21.     On February 15, 2011, Laser Aiming terminated Defendant Carl Bondhus' employment for cause.

22.     Subsequently, Defendants announced that they founded a new company known as Bondhus Arms, Inc. ("Bondhus Arms").

23.     Defendants are now marketing under Bondhus Arms a compact firearm with a fully integrated green laser that is referred to as the CL380.

24.     The CL380 is the product that Laser Aiming asked Defendants to develop while they were working for Laser Aiming.

25.     The "CL" of the CL380 was part of Laser Aiming's proposed naming convention for this product. The letter "C" stands for compact. The letter "L" stands for laser. The number "380" refers to the caliber of the gun.

26.     Pursuant to § 6(a) of the Employment Agreement, Defendants assigned to Laser Aiming all of their rights, title and interest to, all ideas, concepts, inventions, and improvements conceived or developed by Defendants during their term of employment with Laser Aiming.

27.     The assignment in § 6(a) includes, among other things, an assignment of all rights, title and interest to the CL380.

28.     Pursuant to § 6(a) of the Employment Agreement, Laser Aiming is the rightful owner of all rights, title and interest in the CL380.

29.     Pursuant to § 6(b) of the Employment Agreement, Laser Aiming is the rightful owner of the "CL380" name.

**The Incentive Bonus**

30.   Pursuant to § 3(b) of the Employment Agreement, Laser Aiming promised to pay an annual incentive bonus from any products in which one or both Defendants "had a role in designing or improving" provided other criteria were also satisfied.

31.   Laser Aiming has already paid the Defendants any and all incentive bonuses that related to their work in designing or improving Laser Aiming's products.

32.   Pursuant to the second § 3(b) in the Employment Agreement, Laser Aiming also promised to pay an incentive bonus "with respect to any product conceived" by one or both Defendants provided other criteria were also satisfied.

33.   The Employment Agreement draws a clear distinction between products that Defendants "had a role in designing or improving" as opposed to products that were "conceived" by Defendants.

34.   The Defendants did not conceive of any of the products in Laser Aiming's current product offering.  The Defendants did nothing more than enhance existing models of products in Laser Aiming's product offering.

35.   Laser Aiming owes the Defendants nothing in terms of an incentive bonus for conceiving products.

36.   Nevertheless, on October 31, 2014, Defendants sent a demand letter to Laser Aiming and wrongly claimed they "conceived" several of Laser Aiming's products, supposedly including but not limited to Laser Aiming's C5 series lasers and lights, its X5 series lasers and lights, its Reactor series lasers, its Tacloc holsters, and its ECR holster.  Defendants then demanded that Laser Aiming pay an incentive bonus on the sales of these products.

37.   During the time they were working at Laser Aiming, Defendants never mentioned orally or in writing that they were working on any products that they purportedly conceived, or

5

that they expected to receive a future incentive bonus for such products.  In addition, Defendants never made any inquiries orally or in writing regarding the patent status of any products that they purportedly conceived.

38.     During the time they were working at Laser Aiming, Defendants never made a demand for payment for an incentive bonus concerning any products they purportedly conceived.

39.     The first time Defendants ever mentioned their demand for any incentive bonus concerning products they allegedly conceived of came on or about March 2013, which was over two years after their employment was terminated for cause.

## COUNT I
## DECLARATORY JUDGMENT
### Against Defendants Eric Bondhus and Carl Bondhus

40.     Laser Aiming realleges and incorporates by reference herein the paragraphs set forth above.

41.     Defendants have wrongly claimed they are entitled to an incentive bonus for purportedly conceiving of several products in Laser Aiming's product offering, including, but not limited to, Laser Aiming's C5 series lasers and its X5 series lasers.

42.     Defendants' company description for the industry-wide SHOT show, issued on or about January 2014, states that the Defendants were mere "product developers" of Laser Aiming's C5 and X5 series lasers.  This press release is an admission that Defendants did not conceive of these products.  It is also an implicit admission that their work at Laser Aiming involved the product development of the CL380.

43.     Defendants did not conceive of any of the products in Laser Aiming's product offering.

44.     A justiciable controversy exists regarding whether Laser Aiming is entitled to declaratory judgment relief pursuant to the Uniform Declaratory Judgments Act, Minnesota Statutes, Chapter 555.

45.     Laser Aiming is entitled to a declaratory judgment that it owes Defendants nothing in terms of any additional incentive bonus under § 3(b) of the Employment Agreement.

## COUNT II
## BREACH OF CONTRACT
### Against Defendants Eric Bondhus and Carl Bondhus

46.     Laser Aiming realleges and incorporates by reference herein the paragraphs set forth above.

47.     Laser Aiming has an enforceable Employment Agreement with Defendants.

48.     Laser Aiming fully performed its obligations under the Employment Agreement.

49.     Pursuant to § 6(a) of the Employment Agreement, Defendants assigned to Laser Aiming all of their rights, title and interest to compact gun products involving integrated lasers, including the CL380.

50.     Pursuant to § 6(a) of the Employment Agreement, Laser Aiming is the rightful owner of all rights, title and interest that Defendants have in the CL380.

51.     Pursuant to § 6(b) of the Employment Agreement, Laser Aiming is the rightful owner of the "CL380" name.

52.     Defendants materially breached the Employment Agreement by retaining the rights, title and interest in the CL380 and marketing the CL380 as a product purportedly owned by Bondhus Arms.

53.     As a direct and proximate result of Defendants' actions, Laser Aiming has suffered damages in excess of $50,000.

7

## COUNT III
### TORTIOUS INTERFERENCE WITH CONTRACT
### Against Defendant Bondhus Arms

54.     Laser Aiming realleges and incorporates by reference herein the paragraphs set forth above.

55.     The Employment Agreement is a valid contract among and between Laser Aiming and Defendants Eric Bondhus and Carl Bondhus.

56.     Defendant Bondhus Arms knew of the Employment Agreement.

57.     Defendant Bondhus Arms, without justification, intentionally procured a breach of the Employment Agreement by, among other things, obtaining rights, title, and/or interests in the CL380.

58.     As a direct and proximate result of Defendant Bondhus Arms' actions, Laser Aiming has suffered damages in excess of $50,000.

## COUNT IV
### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY
### Against Defendants Eric Bondhus, Carl Bondhus, and Bondhus Arms

59.     Laser Aiming realleges and incorporates by reference herein the paragraphs set forth above.

60.     Laser Aiming had a reasonable expectation of economic advantage or benefit concerning integrated laser systems for handguns.

61.     The Defendants had knowledge of Laser Aiming's expectation of economic advantage concerning integrated laser systems for handguns.

62.     The Defendants wrongfully and without justification interfered with Laser Aiming's reasonable expectation of economic advantage or benefit concerning integrated laser

systems for handguns by, among other things, bringing the CL380 to market as a purported Bondhus Arms product.

63.    In the absence of the wrongful acts of Defendants, it is reasonably probable that Laser Aiming would have realized the economic advantage or benefit of developing and selling handguns with integrated laser systems.

64.    As a direct and proximate result of Defendants' actions, Laser Aiming has suffered damages in excess of $50,000.

**COUNT V**
**SPECIFIC PERFORMANCE**
**Against Defendants Eric Bondhus, Carl Bondhus, and Bondhus Arms**

65.    Laser Aiming realleges and incorporates by reference herein the paragraphs set forth above.

66.    Laser Aiming had and has an enforceable Employment Agreement with Defendants.

67.    Laser Aiming fully performed its obligations under the Employment Agreement.

68.    Pursuant to § 6(a) of the Employment Agreement, Defendants assigned to Laser Aiming all of their rights, title and interest to compact gun products involving integrated lasers, including the CL380.

69.    Pursuant to § 6(a) of the Employment Agreement, Laser Aiming is the rightful owner of all rights, title and interest that Defendants have in the CL380.

70.    Laser Aiming is entitled to a specific performance judgment that assigns to Laser Aiming all rights, title and interest to the CL380.

**PRAYER FOR RELIEF**

WHEREFORE, Laser Aiming requests the following relief:

1.    Damages in an amount to be proven at trial;

9

2.      Equitable relief as requested above;

3.      Specific performance as requested above;

4.      All reasonable expenses Laser Aiming has incurred, including the costs and attorney's fees of this proceeding; and

5.      Such other relief as the Court may deem just and proper.

Dated: January **7**, 2015                          WINTHROP & WEINSTINE, P.A.


By: _Craig S. Krummen_
Craig S. Krummen, #0259081

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
ckrummen@winthrop.com

Attorneys for Plaintiff Laser Aiming
Systems Corporation, Inc.

9777490v1

10

| **State of Minnesota** | | **District Court** | |
|---|---|---|---|
| County of Hennepin | | Judicial District: | Fourth |
| | | Court File Number: | |
| | | Case Type: | |

Laser Aiming Systems Corporation, Inc.,

                          Plaintiff,

vs

Eric Bondhus, Carl Bondhus, and Bondhus
Arms, Inc.,

                          Defendants.

**Civil Cover Sheet
(Non-Family Case Type)**
Minn. R. Gen. Prac. 104

Date Case Filed: <u>January 21, 2015</u>

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal
counsel, unless the court orders all parties or their legal counsel to complete this form.  Once the
initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already
been ordered to complete this form may submit their own cover sheet within ten days after being
served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District
Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to
the Court Administrator in writing by the filing party within seven (7) days of learning the
information.**  Any party impleading additional parties shall provide the same information to the
Court Administrator.  The Court Administrator shall, upon receipt of the completed certificate,
notify all parties or their lawyers, if represented by counsel, of the date of filing the action and
the file number assigned.

ATTORNEY FOR PLAINTIFF

Craig S. Krummen, MN #0259081
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
(612) 604-6717
ckrummen@winthrop.com

ATTORNEY FOR DEFENDANTS

Marshall Tanick
Hellmuth & Johnson PLLC
8050 W 78th Street
Edina, MN 55439
(952) 460-9241
mtanick@hjlawfirm.com

1.   Provide a concise statement of the case including facts and legal basis:

   Plaintiff manufactures and sells laser products, tactical lights, holsters, and related products for firearm use and training.  In March 2009, Defendants Carl and Eric Bondhus began working for Plaintiff.  In early February 2011, they were terminated for cause.

   Pursuant to their employment agreements, Defendants Carl and Eric Bondhus transferred and assigned to Plaintiff "all right, title and interest of Employee in and to every idea, concept, invention and improvement. . . conceived or developed by Employee during the term of employment. . .".  During their term of employment, Defendants Carl and Eric Bondhus were asked, among other things, to develop a concept involving a compact firearm with a fully integrated laser.

   Defendants Carl and Eric Bondhus later founded Defendant Bondhus Arms and began marketing a compact firearm with a fully integrated green laser that is referred to as the CL380.  This is the product that Plaintiff asked Defendants Carl and Eric Bondhus to develop and that they worked on while they were employed by Plaintiff.  Plaintiff thus initiated this action and asserted legal claims against Defendants for breach of contract, tortious interference with contract, tortious interference with business expectancy, and specific performance.

   In addition, Defendants Carl and Eric Bondhus have belatedly and wrongly claimed they should receive an incentive bonus for products they worked on during their employment with Plaintiff.  Defendants are not entitled to any incentive bonus under their employment agreements because they did not conceive of any products that are in Plaintiff's product offering while they worked for Plaintiff.  Plaintiff asserted a legal claim against Defendants Carl and Eric Bondhus seeking a declaratory judgment that Defendants are not owed an incentive bonus.

2.   Date Complaint was served:  January 7, 2015 _____

3.   For Expedited Litigation Track (ELT) Pilot Courts only:

   a.  ☐ the parties jointly and voluntarily agree that this case shall be governed by the Special Rules for ELT Pilot.  Date of agreement: _____

   b.  ☐ The court is requested to consider excluding this case from ELT for the following reasons: _____

   Note:  ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

   c.  Anticipated number of trial witnesses: _____
   d.  Amount of medical expenses to date: _____
   e.  Amount of lost wages to date: _____
   f.  Identify any known subrogation interests: _____

27-CV-09-5826                                                   Fourth Judicial District Court
1/21/2015 10:18:22 AM
Hennepin County Civil, MN

4.   Estimated discovery completion within _____8_____ months from the date of this form.

5.   Disclosure / discovery of electronically stored information discussed with other party?

     ☒ No      ☐ Yes, date of discussion: _____

     If Yes, list agreements, plans, and disputes: _____

6.   Proposed trial start date: ____February 1, 2016_____

7.   Estimated trial time: __4_____ days _____ hours (estimates less than a day must be stated in hours).

8.   Jury trial is:

     ☐ waived by consent of _____ pursuant to Minn. R. Civ. P. 38.02.
                                    (specify party)

     ☒ requested by ___Plaintiff_____ (NOTE: Applicable fee must be enclosed)
                          (specify party)

9.   Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:

     ☐ Yes      ☒ No

10.  Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect): __n/a_____

     _____

11.  Issues in dispute:

     Whether Plaintiff is entitled to all rights, title, and interest in products conceived or developed by Defendants Carl and Eric Bondhus during their term of employment with Plaintiff, including, but not limited to, all rights, title, and interest in the CL380.  Whether Plaintiff is entitled to a declaratory judgment that it owes Defendants Carl and Eric Bondhus nothing in terms of an incentive bonus under their employment agreements.

12.  Case Type / Category: _____ (NOTE:  select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure).

13.  Recommended Alternative Dispute Resolution (ADR) mechanism: _____mediation_____

     (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

     Recommended ADR provider (known as a "neutral"): _____

     Recommended ADR completion date: ____March 31, 2015_____

     If applicable, reasons why ADR not appropriate for this case: _____

     _____

27-CV-15-1023
Filed in Fourth Judicial District Court
1/21/2015 10:18:22 AM
Hennepin County Civil, MN

By signing below, the attorney or party submitting this form certifies that the above information
is true and correct.

Submitted by: _Craig S. Krummen_

Attorney License: _0259081_

Firm: _Winthrop & Weinstine, P.A._

Address: _225 South Sixth Street, Suite 3500, Minneapolis, MN 55402_

Telephone: _612-604-6717_

Date: _January 21, 2015_

9869771v1

## AFFIDAVIT OF SERVICE

Re:   *Laser Aiming Systems Corporation, Inc., vs. Eric Bondhus, Carl Bondhus, and Bondhus Arms, Inc.*

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

Steve Friedmann, of the City of St. Paul, County of Ramsey, in the State of Minnesota, being duly sworn, says that on the 7th day of January, 2015, he served the following document(s):

   1.      Summons; and

   2.      Complaint,

upon Eric Bondhus and Carl Bondhus at the following address:

Bondhus Arms, Inc.
19330 Industrial Drive NW
Big Lake, MN 55309

personally, by handing to and leaving with Eric Bondhus and Carl Bondhus, two true and correct copies thereof. One copy was served upon each as an individual, and a second copy was served upon each on behalf of Bondhus Arms, Inc.

                                                Steve Friedmann

Subscribed and sworn to before me
this 8th day of January , 2015.

*Melissa Solberg*

MELISSA MARIE SOLBERG
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2017

9882824v1